**Rashid BROWN, Plaintiff–Appellant,**

v.

**Mark PANASIEWICZ, Defendant– Appellee.**

No. 03–1716.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2003.

Rashid Brown, pro se, Munising, MI, for Plaintiff–Appellant.

Before BOGGS, Chief Judge; BATCHELDER and SUTTON, Circuit Judges.

## ORDER

Rashid Brown, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Brown sued prison employee Mark Panasiewicz. Brown's complaint concerned his refusal to accept his breakfast tray which contained a cup of coffee. During a heated argument regarding Brown's refusal to take the tray, Panasiewicz approached Brown's cell door. Brown put his hand through the cell's food slot and threatened Panasiewicz. The incident resulted in Brown receiving a misconduct report. Although Brown was initially found guilty of assault and battery, the conviction was overturned on rehearing.

Brown subsequently filed a civil rights action alleging that Panasiewicz violated his First, Eighth, and Fourteenth Amendment rights. The district court dismissed the complaint for failure to state a claim. A subsequent motion for reconsideration was also denied.

On appeal, Brown continues to argue the merits of his complaint.

The district court's judgment is reviewed de novo. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

The district court properly dismissed Brown's complaint. Brown contends that Panasiewicz subjected him to retaliation in violation of his First Amendment rights. To establish a claim of retaliation in a prison context, a prisoner must show three elements: 1) that he engaged in protected conduct; 2) that an adverse action was taken against him which would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that there is a causal connection between elements one and two, i.e., the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). However, if a prisoner violates a legitimate prison regulation, he is not engaged in protected conduct and therefore does not satisfy the first element of a retaliation claim. *Id.* at 395. Further, a plaintiff must show that the exercise of the protected right was a substantial or motivating factor for the alleged retaliatory conduct. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

■ The conduct at issue concerned Brown's refusal to take a meal tray which included coffee. Brown's conduct is not protected by the Constitution. As Brown did not engage in protected conduct, he failed to establish the first element of a retaliation claim.

■ Brown also contends that Panasiewicz violated his Eighth Amendment rights. In order to constitute a claim under the Eighth Amendment, the offending conduct must reflect an unnecessary and wanton infliction of pain. *See Ingraham v. Wright,* 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). Such a claim has both an objective and subjective component. *Wilson v. Seiter,* 501 U.S. 294, 297–303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The objective component of an Eighth Amendment claim requires that the pain be serious. *Id.* at 298, 111 S.Ct. 2321. The Supreme Court addressed the objective component in *Rhodes v. Chapman,* 452 U.S. 337, 346–49, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). The subjective component, in contrast, constitutes the deliberate indifference standard of *Estelle v. Gamble,* 429 U.S. 97, 101–04, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). *See Wilson,* 501 U.S. at 302, 111 S.Ct. 2321. The subjective component provides that the offending conduct be wanton. Brown does not show, nor do the facts establish, how Panasiewicz's conduct inflicted pain or constituted deliberate indifference towards Brown.

■ Finally, Brown contends that Panasiewicz violated his Fourteenth Amendment due process rights. Due process gives an individual the opportunity to convince an unbiased decision maker that he has been wrongly accused. *See Zinermon v. Burch,* 494 U.S. 113, 127–28, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). Although Brown was initially found guilty of assault and battery, the conviction was reversed on rehearing. Therefore, Brown was afforded the due process granted by the Fourteenth Amendment.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.